UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHANE DOUGLAS BELL,<br><br>    Plaintiff,<br><br> vs.<br><br>KELLY TJEERDSMA, Unit Coordinator at Mike Durfee State Prison, in individual and official capacity; BRIAN FOLEY, Cultural Activities Coordinator at Mike Durfee State Prison, in individual and official capacity; KELLIE WASKO, Secretary of Corrections, in individual and official capacity; ALEJANDRO REYES, Associate Warden/Acting Warden at Mike Durfee State Prison, in individual and official capacity; TAMMY MERTENS-JONES, Cultural Activities Coordinator, Jameson Annex, in individual and official capacity; TAMMY DOYLE, Administrative Grievance Coordinator at Mike Durfee State Prison, in individual and official capacity; TERESA BITTINGER, Warden at Jameson Annex, in individual capacity; CORRECTIONAL OFFICE AROP, White shirted correctional officer at Jameson Annex, in individual capacity; JANE DOE NURSE #1, Nurse, in individual capacity; JANE DOE NURSE #2, Nurse, in individual capacity; JOHN DOE OFFICER #1, Correctional Officer on A-Floor in Jameson Annex, in individual capacity; JOHN DOE OFFICER #2, Correctional Officer on A-Floor in Jameson Annex, in individual capacity; TIM SCHNEIDER, Unit Manager on B-Floor of Jameson Annex, in individual and capacity; BRITTANY SHELBURG, | 4:24-CV-04068-KES<br><br>ORDER ON PLAINTIFF'S MOTION REQUESTING THAT DEFENDANTS PAY COSTS OF SERV1CE |

| | |
|---|---|
| Case Manager at Mike Durfee State Prison, in individual and official capacity; DANIEL SESTAK, Unit Manager at Mike Durfee State Prison, in individual and official capacity; CHARISSA WAREMBOURG, Corporal Correctional officer, in individual and official Capacity; and AMBER PIRRAGLIA, Director of Prisons, in individual and official capacity,<br><br>                Defendants. | |

      Plaintiff, Shane Douglas Bell, an inmate at the Mike Durfee State Prison (MDSP), filed a pro se lawsuit under 42 U.S.C. § 1983 and other federal civil rights statutes. Dockets 1, 3. Bell paid the civil complaint filing fee, but the court screened Bell's amended complaint pursuant to 28 U.S.C. § 1915A because Bell, a prisoner, "seeks redress from . . . officer[s] or employee[s] of a governmental entity." 28 U.S.C. § 1915A(a). Docket 11. After screening, the court directed the Clerk of Court to provide Bell blank summons forms so that he may arrange for service of process on the defendants who remained after screening. *Id.* at 34. On June 25, 2025, Bell sent seventeen copies of the complaint,[1] and a Notice of Lawsuit and Request to Waive Service of Summons for each of the seventeen remaining defendants to Addyson Aguirre, the General Counsel for the South Dakota Department of Corrections. Docket 13 at 2. Bell's mailing to Aguirre included a Waiver of the Service of Summons form, Docket 13-1 at 35, and an addressed, stamped envelope to return the waivers,

---

[1] It is not clear whether Bell sent copies of his original complaint, Docket 1, or his amended complaint, Docket 3.

2

Docket 13 at 2–3. None of the defendants timely returned an executed Waiver of the Service of Summons form. Docket 15 at 3. Bell then sent to the Clerk of Court a separate summons and USM-285 form for each of the seventeen defendants. Docket 16. He requests that the court order that completed summonses and USM-285 forms be "delivered to the U.S. Marshals Service for service and the costs of service be paid for by defendants." Docket 15 at 3.

Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The court liberally construes Bell's motion to have defendants pay the costs of service as a request that the court order that service be made by the United States Marshals Service (USMS). When determining whether to grant assistance with service, courts typically look at whether there is a risk of danger to the process server and whether the plaintiff has attempted to waive service or seek service through other means. Fed. R. Civ. P. 4 notes to H.R. 7154 - Federal Rules of Civil Procedure Amendments Act of 1982; 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1090 (4th ed. 2024). *See also* Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment (noting that a court "retains discretion to appoint a process server on motion of a party. If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service."); *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (per curiam) ("Federal Rule of Civil Procedure 4(c)(3) does give the court

3

discretion, '[a]t the plaintiff's request,' to order that service be made by a United States marshal, even when a plaintiff does not qualify to proceed in forma pauperis.").

The notes to Rule 4 of the Federal Rules of Civil Procedure explain that amendments were made to Rule 4 to alleviate the burden on the USMS for serving summonses and complaints in private civil actions. Fed. R. Civ. P. 4 notes to H.R. 7154 - Federal Rules of Civil Procedure Amendments Act of 1982. Thus, courts have denied motions for service by the USMS when the plaintiff has not attempted waiver of service or service through alternative means. *See Keeling v. Wetzel*, 2019 U.S. Dist. LEXIS 35125 (M.D. Pa. Mar. 5, 2019) (denying inmate plaintiff's motion for service by USMS when plaintiff paid the full filing fee and had failed to make a showing of a substantial attempt toward service on his own or with assistance of family or friends); *Wood-Jimenez v. Dep't of Motor Vehicles Nev.*, 2024 WL 1343229, at *2 (D. Nev. Mar. 29, 2024) (citing 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983)) (holding that a plaintiff not proceeding in forma pauperis should only be granted service by USMS when really necessary and after plaintiff has first sought service by private means when feasible); *Calzada v. Williamson*, 2023 U.S. Dist. LEXIS 91277, at *1–2 (D. Nev. May 23, 2023) (finding that the fact that a plaintiff was incarcerated was not alone enough to grant service by USMS); *Cathy v. Palma*, 2023 WL 322495, at *2–3 (S.D. Cal. Jan. 19, 2023) (denying inmate plaintiff's motion for service by USMS when inmate has not shown why service is necessary or explained what attempts were taken to serve defendants through

alternative means before seeking assistance from USMS). *See also* Wright & Miller, *supra*, § 1090 ("However, before requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint. Requiring that the first attempt at service should be by another means was intended to reduce the burden on the federal marshals." (footnotes omitted)).

Here, Bell has requested that defendants waive service, and defendants have not executed waivers of service, although the record does not indicate why defendants have refused to waive service. Thus, Bell's request that the court order service by the USMS is granted.

Bell also requests that the court order that service by the USMS be at the defendants' expense. Docket 15 at 3. Federal Rule of Civil Procedure 4(d)(2) provides that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service[.]" Fed. R. Civ. P. 4(d)(2)(A). Here, the record is not sufficient to determine whether there is good cause for defendants' failure to waive service. *See* Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment ("A defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare."). Thus, Bell's request that the court impose on defendants the costs incurred in making service is denied without prejudice, but the court

orders that each defendant who is served by the USMS show cause why the court should not impose on that defendant the costs of service under Rule 4(d)(2).

Thus, it is ORDERED:

1. That Bell's request that the court order service by the USMS is granted. The USMS shall serve the completed summonses (Docket 16), together with a copy of the amended complaint (Docket 7), the court's 1915A screening order (Docket 11), and this order, upon defendants Tjeerdsma, Foley, Wasko, Reyes, Mertens-Jones, Doyle, Bittinger, Arop, Jane Doe Nurse #1, Jane Doe Nurse #2, John Doe Correctional Officer #1, John Doe Correctional Officer #2, Schneider, Shelburg, Sestak, Warembourg, and Pirraglia.

2. That defendants will serve and file an answer or responsive pleading to the amended complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

3. That each defendant, following service by the USMS, will serve and file a response to the court's order to show cause why the court should not impose on that defendant the costs of service under Rule 4(d)(2).

4. That Bell's motion requesting that the court impose on defendants the costs incurred in making service (Docket 15) is denied without prejudice.

5. That the Clerk of Court will provide a copy of this order to Addyson Aguirre, General Counsel for the South Dakota Department of Corrections.

Dated August 7, 2025.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE