UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHANE DOUGLAS BELL,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY TJEERDSMA, Unit Coordinator at Mike Durfee State Prison, in individual and official capacity; BRIAN FOLEY, Cultural Activities Coordinator at Mike Durfee State Prison, in individual and official capacity; KELLIE WASKO, Secretary of Corrections, in individual and official capacity; ALEJANDRO REYES, Associate Warden/Acting Warden at Mike Durfee State Prison, in individual and official capacity; TAMMY MERTENS-JONES, Cultural Activities Coordinator, Jameson Annex, in individual and official capacity; TAMMY DOYLE, Administrative Grievance Coordinator at Mike Durfee State Prison, in individual and official capacity; TERESA BITTINGER, Warden at Jameson Annex, in individual capacity; CORRECTIONAL OFFICE AROP, White shirted correctional officer at Jameson Annex, in individual capacity; JANE DOE NURSE #1, Nurse, in individual capacity; JANE DOE NURSE #2, Nurse, in individual capacity; JOHN DOE OFFICER #1, Correctional Officer on A-Floor in Jameson Annex, in individual capacity; JOHN DOE OFFICER #2, Correctional Officer on A-Floor in Jameson Annex, in individual capacity; TIM SCHNEIDER, Unit Manager on B-Floor of Jameson Annex, in individual and capacity; BRITTANY SHELBURG, | 4:24-CV-04068-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND RULE 4(m) NOTICE |

| | |
|---|---|
| Case Manager at Mike Durfee State Prison, in individual and official capacity; DANIEL SESTAK, Unit Manager at Mike Durfee State Prison, in individual and official capacity; CHARISSA WAREMBOURG, Corporal Correctional officer, in individual and official Capacity; and AMBER PIRRAGLIA, Director of Prisons, in individual and official capacity,<br><br>                    Defendants. | |

Plaintiff, Shane Douglas Bell, an inmate at the Mike Durfee State Prison (MDSP), filed a pro se lawsuit under 42 U.S.C. § 1983 and other federal civil rights statutes. Dockets 1, 3. Bell paid the civil complaint filing fee, but the court screened Bell's amended complaint pursuant to 28 U.S.C. § 1915A because Bell, a prisoner, "seeks redress from . . . officer[s] or employee[s] of a governmental entity." 28 U.S.C. § 1915A(a). Docket 11. After screening, the court directed the Clerk of Court to provide Bell blank summons forms so that he may arrange for service of process on the defendants who remained after screening. *Id.* at 34. Defendants did not timely return executed Waivers of the Service of Summons forms after Bell mailed a Notice of Lawsuit and Request to Waive Service of Summons for each of the seventeen remaining defendants to Addyson Aguirre, the General Counsel for the South Dakota Department of Corrections. Docket 13 at 2; Docket 15 at 3. Thus, the court granted Bell's request that the court order service by the United States Marshals Service. Docket 17 at 5.

2

Nine defendants have been served, appeared, and answered. Dockets 18, 21, 22, 24. Tammy Mertens-Jones, Teresa Bittinger, Correctional Officer Arop, and Tim Schneider have not been served. John Doe Officer #1, John Doe Officer #2, Jane Doe Nurse #1, and Jane Doe Nurse #2 also have not been served. Bell moves for appointment of counsel under 28 U.S.C. § 1915(e)(1). Docket 19. Bell contends that he cannot afford to hire an attorney because he earns only fifty cents per hour at his prison job. *Id.* at 1. He asserts that one of the defendants informed him that he will not be permitted to collect affidavits from other inmates. *Id.* He also contends that he plans to seek discovery of matters that prison policy precludes inmates from knowing or viewing. *Id.* Finally, he contends that a trial will likely involve conflicting testimony and that an attorney will assist him in presenting evidence and cross examining opposing witnesses. *Id.*

## I.     Motion for Appointment of Counsel

Bell has previously moved for appointment of counsel, Docket 3, and the court denied his motion, Docket 9. Bell's second motion for appointment of counsel, Docket 19, is denied for the same reasons that his first motion for appointment of counsel was denied. If Bell seeks discovery of matters within the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1) that he cannot access or view because of prison security or prison rules, Bell may renew his motion for appointment of counsel or seek other relief from the court. Similarly, if defendants preclude Bell from gathering affidavits from other inmates regarding matters within the scope of discovery permitted by Federal

3

Rule of Civil Procedure 26(b)(1), Bell may renew his motion for appointment of counsel or seek other relief from the court. Because Bell has not yet served discovery requests on defendants, Bell is merely speculating about potential issues that may arise. Finally, if any claims remain pending after the court rules on dispositive motions, Bell may renew his motion for appointment of counsel to represent him during trial.

## II.     Rule 4(m) Notice

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The court's § 1915A screening order was entered on June 16, 2025. Docket 11. Pursuant to Fed. R. Civ. P. 4(m), this court intends to dismiss without prejudice Bell's claims against Tammy Mertens-Jones, Teresa Bittinger, Correctional Officer Arop, and Tim Schneider if they are not served on or before **October 16, 2025** unless Bell demonstrates good cause for the failure to serve these defendants by **October 16, 2025**. Pursuant to Fed. R. Civ. P. 4(m), this court also intends to dismiss without prejudice Bell's claims against John Doe Officer #1, John Doe Officer #2, Jane Doe Nurse #1, and Jane Doe Nurse #2 if Bell does not identify the Doe defendants so that they can be served on or before **October 16, 2025** unless Bell demonstrates good cause for the failure to serve the Doe defendants by **October 16, 2025**.

### III. Conclusion

For these reasons, it is ORDERED:

1. That Bell's second motion for appointment of counsel, Docket 19, is denied without prejudice.

2. That Bell's claims against Tammy Mertens-Jones, Teresa Bittinger, Correctional Officer Arop, and Tim Schneider will be dismissed without prejudice if they are not served on or before **October 16, 2025** unless Bell demonstrates good cause for the failure to serve these defendants by **October 16, 2025**.

3. That Bell's claims against John Doe Officer #1, John Doe Officer #2, Jane Doe Nurse #1, and Jane Doe Nurse #2 will be dismissed without prejudice if Bell does not identify the Doe defendants so that they can be served on or before **October 16, 2025** unless Bell demonstrates good cause for the failure to serve the Doe defendants by **October 16, 2025**.

Dated September 16, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE