UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHANE DOUGLAS BELL, <br><br> Plaintiff, <br><br> vs. <br><br> KELLY TJEERDSMA, Unit Coordinator at Mike Durfee State Prison, in individual and official capacity; BRIAN FOLEY, Cultural Activities Coordinator at Mike Durfee State Prison, in individual and official capacity; KELLIE WASKO, Secretary of Corrections, in individual and official capacity; ALEJANDRO REYES, Associate Warden/Acting Warden at Mike Durfee State Prison, in individual and official capacity; TAMMY MERTENS-JONES, Cultural Activities Coordinator, Jameson Annex, in individual and official capacity; TAMMY DOYLE, Administrative Grievance Coordinator at Mike Durfee State Prison, in individual and official capacity; TERESA BITTINGER, Warden at Jameson Annex, in individual and official capacity; CORRECTIONAL OFFICE AROP, White shirted correctional officer at Jameson Annex, in individual and official capacity; JANE DOE NURSE #1, Nurse, in individual and official capacity; JANE DOE NURSE #2, Nurse, in individual and official capacity; JOHN DOE OFFICER #1, Correctional Officer on A-Floor in Jameson Annex, in individual and official capacity; JOHN DOE OFFICER #2, Correctional Officer on A-Floor in Jameson Annex, in individual and official capacity; TIM SCHNEIDER, Unit | 4:24-CV-04068-KES <br><br><br> ORDER ON PENDING MOTIONS |

|   |   |
|---|---|
| Manager on B-Floor of Jameson Annex, in individual and official capacity; BRITTANY SHELBURG, Case Manager at Mike Durfee State Prison, in individual and official capacity; DANIEL SESTAK, Unit Manager at Mike Durfee State Prison, in individual and official capacity; CHARISSA WAREMBOURG, Corporal Correctional officer, in individual and official capacity; and AMBER PIRRAGLIA, Director of Prisons, in individual and official capacity,<br><br>                Defendants. |   |

Plaintiff, Shane Douglas Bell, an inmate at the Mike Durfee State Prison (MDSP), filed a pro se lawsuit under 42 U.S.C. § 1983 and other federal civil rights statutes. Docket 1. Bell paid the full civil complaint filing fee, and the court screened Bell's amended complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service in part. Docket 11. Bell moves for reconsideration of the screening order. Docket 14. Bell also moves for reconsideration of the order denying his motion for appointment of counsel. Docket 32. Bell seeks assistance from the court identifying and serving those defendants who have not yet been served. Docket 38. Finally, Bell moves to amend the Rule 16 Scheduling Order. Docket 46. Defendants move for leave to depose Bell. Docket 40.

I.  **Motion for Reconsideration of Screening Denial of Counts 11, 17, 18, 19, and 20 (Docket 14)**

Bell moves for reconsideration of that portion of the § 1915A screening order[1] dismissing five of his claims. Docket 14. "A court may reconsider an interlocutory order to 'correct any clearly or manifestly erroneous findings of fact or conclusions of law.'" *Roemen v. United States*, 343 F.R.D. 619, 623 (D.S.D. 2023) (quoting *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)). "Reconsideration may be granted if the earlier decision misunderstood a party, made a decision outside of the adversarial issues, or because of a 'controlling or significant change in law' since the issues were submitted to the court." *Westinghouse Elec. Co. v. United States*, 2009 WL 881605, at *4 (E.D. Mo. 2009) (quoting *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)). As explained below, Bell has not demonstrated any misunderstanding of his position, manifestly erroneous conclusion of law, or other reason to reconsider the dismissal of Counts 11, 17, 18, 19, and 20 of his amended complaint.

A.  **Count 11 (Due Process)**

Bell contends that some defendants violated his Fourteenth Amendment due process rights because two of his padlocks were taken without just compensation. Docket 7 at 18. The padlocks were taken because they are prohibited items under MDSP's rules. *Id.* This claim did not survive screening

---

[1] As Bell notes in his motion to reconsider, the Honorable Lawrence L. Piersol screened Bell's amended complaint, and the case was reassigned to the undersigned after entry of Judge Piersol's screening order. Docket 11 at 35; Docket 14 at 1.

3

because the Eighth Circuit has recognized that a prisoner does not have a protected property interest in contraband. Docket 11 at 20–21 (quoting *Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir. 1984)). In his motion to reconsider, Bell does not dispute that MDSP's rules prohibited the padlocks. *See generally* Docket 14 at 2–4. Instead, Bell argues that the "rule does NOT trump the Constitution." *Id.* at 3 (emphasis in original). Bell's argument cannot be reconciled with Eighth Circuit precedent. Bell's motion to reconsider dismissal of Count 11 of the amended complaint is denied.

### B.     Counts 17 (§ 1983 conspiracy), 18 (§ 1985(3)), and 19 (§ 1986)

On screening, Bell's § 1983 conspiracy claim was dismissed because Bell did not "allege 'specific facts tending to show' that the defendants reached an agreement to deprive [him] of a constitutional right or a meeting of the minds." Docket 11 at 27 (quoting *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010)). Bell's motion for reconsideration summarily alleges that he pleaded "a plausible chain of events and actions by the defendants that show a conspiracy[,]" but Bell does not point to any specific facts in his amended complaint that demonstrate an agreement among defendants or a meeting of the minds. Docket 14 at 7. Bell's § 1985(3) civil conspiracy claim did not survive screening for the same reason: "[h]e generally alleges that they conspired, but he has not alleged any facts showing a meeting of the mind or an agreement." Docket 11 at 28.[2] In his motion to reconsider, Bell does not point to any factual

---

[2] Bell's civil conspiracy claim was dismissed for the additional reason that he did not allege that there was some racial or other class-based discriminatory animus behind the conspirators' action. Docket 11 at 28–29.

4

allegations in the amended complaint demonstrating the requisite meeting of the minds that the court overlooked. Rather, Bell's motion to reconsider seems to be based on the premise that whenever multiple defendants are alleged to have violated a plaintiff's constitutional rights, defendants are also liable for conspiring to violate a plaintiff's constitutional rights. But that is not the law. Bell's § 1986 claim did not survive screening because § 1986 claims "are dependent upon a valid § 1985 claim." Docket 11 at 29 (quoting *Jensen v. Henderson*, 315 F.3d 854, 863 (8th Cir. 2002) (internal citation omitted)). In his motion to reconsider, Bell does not contend that the court misstated or misapplied the applicable law or otherwise dispute that his § 1986 claim was properly dismissed because his § 1985 claim did not survive screening. *See generally* Docket 14 at 6–12. Bell's motion for reconsideration of the dismissal of Counts 17, 18, and 19 of the amended complaint is denied.

    **C.**    **Count 20 (Tax refund)**

Bell claims that his right to equal protection under the Fourteenth Amendment was violated because defendants provide tax forms to inmates at the SDSP but not to inmates at MDSP. Docket 7 at 27. Judge Piersol dismissed this claim on screening because Bell did not identify any constitutional provision or federal law requiring MDSP to provide him blank income tax return forms and had not identified sufficient facts to show that inmates at MDSP are similarly situated to inmates at the SDSP. Docket 11 at 26–27. In his motion for reconsideration, Bell does not identify any legal authorities the court overlooked or point to the allegations in his amended complaint

5

demonstrating that inmates at MDSP and the SDSP are similarly situated. Bell's motion to reconsider dismissal of Count 20 of the amended complaint is denied.

## II. Motion to Reconsider Order Denying Motion to Appoint Counsel (Docket 32)

Bell requests that the court reconsider its order denying his motion for appointment of counsel for two reasons. Docket 32. First, Bell contends that he is seeking prison policies and security camera footage that inmates, in accordance with DOC policy, are not permitted to access. *Id.* at 3–5. Second, Bell states that prison officials have advised him that he is not permitted to gather affidavits from prisoners who are not housed in the same building in which he is housed. *Id.* at 6–8.

Neither Bell's motion to reconsider (Docket 32) nor his supporting affidavit (Docket 33) includes copies of any discovery requests seeking discovery of information within the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1) that defendants' counsel has refused to respond to because prison security, rules, or policies prohibit Bell from accessing such information. Informally requesting information from prison staff is different than serving formal discovery requests, as permitted by the Federal Rules of Civil Procedure, on defendants' counsel. Further, defendants have not filed a motion for protective order forbidding Bell from inquiring into certain matters or limiting the scope of discovery to certain matters. *See* Fed. R. Civ. P. 26(c)(1)(D).

Similarly, Bell has not demonstrated that any specific inmate who is housed in a different building than where Bell is housed has knowledge regarding any matter within the scope of discovery. Further, at this stage of the proceedings, defendants have not filed a motion for summary judgment so there is no need for Bell to gather affidavits to respond to a motion for summary judgment. If defendants move for summary judgment, the court encourages Bell and defendants' counsel to explore whether it is possible to accommodate any reasonable request Bell may make to gather affidavits from prisoners housed in other buildings to respond to defendants' motion for summary judgment. If it is not possible to accommodate Bell's reasonable requests to gather affidavits from other inmates regarding the claims at issue in this case, Bell may renew his motion for appointment of counsel or seek other relief from the court. Bell's motion for reconsideration, Docket 32, is denied.

### III. Motion for Assistance with Identifying and Serving Defendants (Docket 38)

The court provided Bell with notice of its intention under Federal Rule of Civil Procedure 4(m) to dismiss Bell's claims against Tammy Mertens-Jones, Teresa Bittinger, Correctional Officer Arop, Tim Schneider, John Doe Officer #1, John Doe Officer #2, Jane Doe Nurse #1, and Jane Doe Nurse #2 if these defendants were not served on or before October 16, 2025. Docket 27. Currently, Teresa Bittinger and the four Doe defendants remain unserved. *See* Docket 31, Docket 38 at 1. On October 9, 2025, Bell filed a motion for assistance from the court to serve Teresa Bittinger and to compel discovery

7

from defendants so that he may identify and serve the Doe defendants. Docket 38. *See also* Docket 32 at 9 (requesting that the court order the counsel who has appeared for the served defendants to accept service on behalf of the unserved defendants).

### A.    Teresa Bittinger

The counsel who has appeared for the served defendants objects to Bell's request that the court order them to accept service on behalf of Bittinger. Docket 43 at 4. According to defendants' counsel, Bell has not properly requested that Bittinger waive service pursuant to Federal Rule of Civil Procedure 4(d)(1), and even if he had, the Federal Rules do not require that a defendant waive service if she is requested to do so. Docket 43 at 3–4.

The court agrees that it does not have authority to order that an attorney accept service on behalf of a client, although the court is required to impose on a defendant the costs of service if the defendant, without good cause, refuses to sign and return a proper waiver of service. Fed. R. Civ. P. 4(d)(2). Further, courts in the District of South Dakota have entered orders to assist pro se inmates in perfecting service on defendants who remained after the court's § 1915A screening when the plaintiff is able to demonstrate that he has diligently attempted to complete service but is unable to do so because of logistical hurdles and DOC policies that restrict an inmate's ability to gather personal information about DOC current and former employees. *See Hicks v. Renner*, 4:23-CV-04121-KES, Docket 16 (D.S.D. Feb. 8, 2024); *Christians v. Young*, 2023 WL 2687260, at *13 (D.S.D. Mar. 29, 2023); *Hughbanks v. Fluke*,

8

2023 WL 1930334, at *1–2 (D.S.D. Feb. 10, 2023); *Cody v. Clark*, 2023 WL 112695, at *7 (D.S.D. Jan. 5, 2023) (citing *Hansen v. S.D. Dep't of Corr.*, 4:19-CV-04019-KES, Docket 44 at 4 (D.S.D. Dec. 27, 2019)).

Here, the United States Marshals Service (USMS) was unable to serve Teresa Bittinger because she is no longer employed at the SDSP. Docket 31 at 1. But the court notes that Bittinger, in her individual capacity, is a named defendant in a pending case in which defendants' counsel has appeared. *See Scott v. Haynes*, 4:23-CV-04115 (D.S.D.). Thus, the court presumes that defendants' counsel has a current address or other contact information for Bittinger since they represented her in a case in which she has been served and appeared. Thus, the court grants in part Bell's motion for assistance with service, and orders defendants' counsel to provide to the USMS the last known address for Teresa Bittinger by **November 24, 2025**. The USMS shall serve a completed summons, together with a copy of Bell's complaint (Docket 1), amended complaint (Docket 7), and the court's § 1915A screening order (Docket 11) on Bittinger at the last known address provided by defendants' counsel. Bittinger's address must **not** appear in any publicly available filing or any filing or pleading provided to Bell. Bell's request that the court extend his time for serving Bittinger, Docket 38 at 10, is granted, and the October 16, 2025 deadline is extended to **December 31, 2025** to permit compliance with this order granting in part Bell's motion for assistance with service.

### B.    Unidentified Defendants

The USMS returned the summonses for unidentified defendants, John Doe Officer #1, John Doe Officer #2, Jane Doe Nurse #1, and Jane Doe Nurse #2, as unexecuted because they "cannot serve an unknown person[.]" Docket 31 at 4, 7, 10, and 13. In his motion for assistance, Bell claims that his attempt to ascertain the identities of these individuals through requests to defendants' counsel was unsuccessful. Docket 38 at 4. As such, Bell requests a court order "to get and view the security camera footage from Jameson Annex from the dates of October 5th 2023 and October 6th 2023" as well as "the names and photo identification of the people working on those 2 days" in order to identify and serve the four Doe defendants. *Id.* at 5. According to defendants' counsel, defendants "are not in possession of security camera footage for the dates and times that Plaintiff requests; there would be no reason that the SDDOC would keep footage from that date and time." Docket 43 at 4. It appears that Bell has served discovery requests attempting to identify the Doe defendants and that defendants have responded to those discovery requests but they "do not have enough information from Plaintiff to determine who the unidentified Defendants are with certainty." *Id.* at 2–3, 4.

At this point, Bell has not filed a motion to compel that complies with Federal Rule of Civil Procedure 37(a)(1) and D.S.D. Civ. LR 37.1. Defendants' counsel has advised Bell that he is willing to meet with Bell at the conclusion of Bell's deposition to discuss Bell's attempts to discover the identities of the Doe defendants. Docket 43 at 4. Although the court is not ordering that the parties

meet or otherwise communicate regarding Bell's attempts to discover the identities of the Doe defendants,[3] Bell may not file a motion to compel discovery unless he demonstrates that he has attempted in good faith to resolve the issue without court intervention.

For these reasons, Bell's motion for assistance in identifying unknown defendants, Docket 38, is denied. But the court will extend Bell's time to identify and serve the Doe defendants until **December 31, 2025**. If Bell identifies any of the Doe defendants, he should notify the Clerk of Court so that Clerk of Court can send him a summons and USM-285 form to complete and return for each identified Doe defendant. *See* Docket 17 at 6 (granting Bell's request that the court order service by the USMS).

### IV.     Motion to Amend Rule 16 Scheduling Order (Docket 46)

The court issued a Rule 16 Scheduling Order. Docket 28. Bell requests that all the deadlines be extended by ninety (90) days. Docket 46. Bell contends that he needs additional time to identify and serve the Doe defendants, to conduct discovery, and to retain counsel. *Id.* The court has extended Bell's time to identify and serve the Doe defendants. *See supra*. Bell has had sufficient time to retain counsel and has demonstrated that he can present his claims, at this stage of the litigation, without appointment of counsel. Finally, Bell's motion does not provide sufficient information regarding the discovery he has

---

[3] In his motion, Bell requests that the court order a meeting pursuant to D.S.D. Civ. LR 53.1. Docket 38 at 11. This local rule encourages the parties to use alternative dispute mechanisms to resolve the case prior to trial and does not authorize this court to order the parties to meet so that Bell may identify the Doe defendants.

commenced or the additional discovery that he plans to commence to demonstrate good cause to amend the scheduling order. Thus, Bell's motion to amend the scheduling order, Docket 46, is denied without prejudice.

## V.     Motion for Leave to Depose Plaintiff (Docket 40)

Defendants move for leave of court, in accordance with Federal Rule of Civil Procedure 30(a)(2)(B), to depose Bell. Docket 40. Generally, leave of court is not required when a party seeks to take a deposition. Fed. R. Civ. P. 30(a)(1). But Federal Rule of Civil Procedure 30(a)(2)(B) provides that leave of court is required "if the deponent is confined in prison." Bell opposes defendants' motion and requests that the court deny the motion until Bell retains counsel or, in the alternative, limit the scope of the deposition. Docket 41. Bell contends that it would be unfair if defendants depose him when he does not have an attorney "to represent him and make sure that the opposing counsel doesn't take advantage of . . . [his] lack of experience" by asking questions that are unduly burdensome, seek privileged or irrelevant information, or are intended to annoy, harass, and embarrass him. Docket 41 at 1–2. Regardless of whether a deponent is represented by counsel, an attorney taking a deposition must comply with the Federal Rules of Civil Procedure and the Rules of Professional Conduct. Here, the court has no reason to believe that defendants' counsel will not do so if the court grants defendants' motion for leave to depose Bell. In the unlikely event that defendants' counsel asks impermissible questions, the court, in accordance with its inherent power as well as the Federal Rules of Civil Procedure, can grant relief to Bell, including

12

limiting or even prohibiting defendants from relying on Bell's deposition testimony as this case proceeds. As noted below, the court is directing defendants' counsel to make available to Bell a copy of his deposition transcript for use as this case proceeds. If Bell believes that he is entitled to relief based on questions defendants' counsel asks during his deposition, he can identify specific page and line numbers of the deposition transcript in issue, and the court can consider Bell's request for relief. Thus, there is no need to limit the scope of the deposition or appoint counsel to represent Bell simply because defendants seek to depose him.

Permitting defendants to depose Bell is consistent with Rule 26(b)(1) and (2). Thus, defendants' motion for leave to depose Bell (Docket 40), is granted provided that defendants arrange for the court reporter to provide to Bell a copy of his deposition transcript for his use during the pendency of this action. Defendants are responsible for the cost of providing to Bell a copy of his deposition transcript.

## VI. Conclusion

Thus, it is ORDERED:

1. That Bell's motion to reconsider (Docket 14) is denied.
2. That Bell's motion for reconsideration of the order denying appointment of counsel (Docket 32) is denied.
3. That Bell's motion for assistance with service (Docket 38) is granted in part and denied in part.

4. That counsel who has appeared on behalf of the served defendants must provide the last known address for Teresa Bittinger to the USMS by **November 24, 2025**.

5. That the USMS shall serve a completed summons, together with a copy of Bell's complaint (Docket 1), amended complaint (Docket 7), and the court's § 1915A screening order (Docket 11) on Bittinger at the last known address provided by defendants' counsel.

6. That the USMS is directed to provide the Clerk of Court with a summons, return of service, and USM-285 form that **do not include Bittinger's address**. Bittinger's address must **not** appear in any publicly available filing or any filing or pleading provided to Bell.

7. That Bittinger will serve and file an answer or responsive pleading to the complaint and amended complaint on or before 21 days following the date of service.

8. That Bell's motion to amend the scheduling order (Docket 46) is denied without prejudice.

9. That defendants' motion for leave to depose Bell (Docket 40) is granted. Defendants must arrange for the court reporter to provide Bell with a copy of his deposition transcript. Defendants are responsible for the cost of providing to Bell a copy of his deposition

Dated November 10, 2025.

>BY THE COURT:
>
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>UNITED STATES DISTRICT JUDGE