UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHANE DOUGLAS BELL,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY TJEERDSMA, Unit Coordinator at Mike Durfee State Prison, in individual and official capacity; BRIAN FOLEY, Cultural Activities Coordinator at Mike Durfee State Prison, in individual and official capacity; KELLIE WASKO, Secretary of Corrections, in individual and official capacity; ALEJANDRO REYES, Associate Warden/Acting Warden at Mike Durfee State Prison, in individual and official capacity; TAMMY MERTENS-JONES, Cultural Activities Coordinator, Jameson Annex, in individual and official capacity; TAMMY DOYLE, Administrative Grievance Coordinator at Mike Durfee State Prison, in individual and official capacity; TERESA BITTINGER, Warden at Jameson Annex, in individual and official capacity; CORRECTIONAL OFFICE AROP, White shirted correctional officer at Jameson Annex, in individual and official capacity; JANE DOE NURSE #1, Nurse, in individual and official capacity; JANE DOE NURSE #2, Nurse, in individual and official capacity; JOHN DOE OFFICER #1, Correctional Officer on A-Floor in Jameson Annex, in individual and official capacity; JOHN DOE OFFICER #2, Correctional Officer on A-Floor in Jameson Annex, in individual and official capacity; TIM SCHNEIDER, Unit | 4:24-CV-04068-KES<br><br>ORDER ON PLAINTIFF'S OBJECTION TO THE PROPOSED JUDGMENT OF DISMISSAL AND DIRECTING PLAINTIFF TO FILE AN APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND CERTIFIED PRISONER TRUST ACCOUNT REPORT |

|  |  |
|---|---|
| Manager on B-Floor of Jameson Annex, in individual and official capacity; BRITTANY SHELBURG, Case Manager at Mike Durfee State Prison, in individual and official capacity; DANIEL SESTAK, Unit Manager at Mike Durfee State Prison, in individual and official capacity; CHARISSA WAREMBOURG, Corporal Correctional officer, in individual and official capacity; and AMBER PIRRAGLIA, Director of Prisons, in individual and official capacity,<br><br>                    Defendants. |  |

Plaintiff, Shane Douglas Bell, who is appearing pro se, and defendants, through their counsel of record, jointly moved to dismiss all claims in this action on the merits, with prejudice, and in accordance with the terms of the parties' Settlement Agreement and Release. Dockets 54, 54-1. The court granted the joint motion for dismissal and entered an order dismissing the case. Docket 56. The court directed any party who objects to the terms of the order dismissing the case or the proposed judgment of dismissal attached to the order dismissing the case to file an objection no later than February 2, 2026. *Id.* at 3. Bell objects to the proposed judgment of dismissal. Docket 59. Bell has also filed a motion requesting that the court waive the costs Bell incurred to serve defendants. Docket 57.

I.  **Bell's Objection to the Proposed Judgment of Dismissal**

Bell objects to the proposed judgment of dismissal because the language does not mirror the language in the proposed judgment of dismissal the parties filed along with the joint motion to dismiss the case. Docket 59. Specifically,

2

Bell objects to the language in the court's proposed judgment of dismissal providing that judgment is "entered against plaintiff, Shane Douglas Bell, and in favor of defendants." *Id.* at 2, 3. Bell contends that this language is prejudicial to him because it implies that defendants prevailed and he lost instead of representing that the action was dismissed "when negotiations reached a mutually beneficial settlement agreement that helped both parties on equal terms[.]" *Id.* at 2–3. Bell requests that the court use the language in the proposed judgment of dismissal the parties submitted, Docket 55, which provides that "this action is dismissed on the merits, with prejudice, in accordance with the terms of the settlement agreement and release dated January 7, 2026[.]" *See* Docket 59 at 4. Defendants do not object to the language in the court's proposed judgment, but the defendants also do not object if the court incorporates the language in the proposed judgment of dismissal the parties submitted. Docket 60. Thus, to address Bell's objection, the court will modify the judgment of dismissal by removing the language to which Bell objects and substituting the language in the proposed judgment of dismissal the parties submitted.

## II.     Bell's Motion for Waiver of Service Fees

Bell contends that paying the costs of service "will cause hardship and burden[]" because he is a poor prisoner. Docket 57 at 1. When Bell commenced this action, he paid the full civil complaint filing fee and did not move for leave to proceed in forma pauperis. But paying a $405 filing fee is much different than paying service costs totaling $2,803. To permit the court to assess

3

whether Bell has sufficient funds, other than the settlement proceeds, to pay the costs of service, Bell is directed to submit an application to proceed without prepayment of filing fees and a certified prisoner trust account report no later than **March 3, 2026.**

    Thus, it is ORDERED:

1. That the Clerk of Court will send Bell a blank application to proceed without prepayment of fees and declaration and a blank prisoner trust account report form.

2. That Bell must complete and submit an application to proceed without prepayment of filing fees and a certified prisoner trust account report no later than **March 3, 2026.**

Dated January 30, 2026.

                            BY THE COURT:

                            /s/ *Karen E. Schreier*
                            KAREN E. SCHREIER
                            UNITED STATES DISTRICT JUDGE